UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BIG SANDY WATER DISTRICT,
<u>Plaintiff-Appellee,</u>

v.

CITY OF KENOVA, WEST VIRGINIA,
<u>Defendant-Appellant,</u>

No. 95-1849

and

PUBLIC SERVICE COMMISSION OF WEST
VIRGINIA; TOWN OF CEREDO, WEST
VIRGINIA,
<u>Third-Party Defendants.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CA-94-76-3)

Argued: June 5, 1996

Decided: July 22, 1996

Before RUSSELL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Blass Morrone, III, Kenova, West Virginia, for
Appellant. Roger W. Hall, HALL, HOWELL & SERGENT, P.S.C.,
Ashland, Kentucky, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal involves a contract dispute over the cost of water sold by a West Virginia municipal water utility to a Kentucky water district. After binding arbitration, the district court granted summary judgment for the Water District. Because the court failed to determine whether the West Virginia Public Service Commission has jurisdiction over this matter, we vacate the judgment and remand the case.

I

In February 1982, the City of Kenova, West Virginia, contracted to sell potable water to Big Sandy Water District in Kentucky for redistribution to approximately 1,800 consumers in three Kentucky counties. When Kenova encountered financial difficulties in 1985, Kenova and the Water District renegotiated their contract, revising the formula for calculating the price of water. Under the revised formula, Kenova increased the Water District's rate in November 1992.

While supplying Big Sandy Water District, Kenova was also selling potable water to the Town of Ceredo, West Virginia. In 1991, a contract dispute between Kenova and Ceredo over the appropriate charges for water led to a general investigation into Kenova's rates by the West Virginia Public Service Commission. Although the Public Service Commission examined the rate Kenova charged Big Sandy Water District, the Water District was not a party to the proceeding. Following its comprehensive cost of service study, the Public Service Commission adopted a revised methodology for determining rates necessary for Kenova to recover its expenses and, accordingly, entered an order implementing a new contract rate for Ceredo's water purchases from Kenova.

Applying the methodology derived by the Public Service Commission in the Ceredo proceeding to its contract with Big Sandy Water

2

District, Kenova notified the Water District that effective December 1, 1993, its water rate would be increased 40%. After paying its December bill, which had been calculated at its old rate, the Water District refused to pay the higher rate. Kenova responded by threatening to discontinue the Water District's service as of February 2, 1994.

Big Sandy Water District promptly filed this diversity suit in federal court, seeking to enforce its contract with Kenova in accordance with the rate formula that the parties had revised in 1985. When the district court observed that the contract contained an arbitration clause, the parties consented to submit their rate dispute to arbitration. After the arbitrator upheld the Water District's position, the district court entered summary judgment for the Water District, explaining that because the parties had agreed to submit to binding arbitration, they were "constrained to abide by the decision of the arbitrator." The court further reasoned that Big Sandy Water District was not bound by the revised methodology that the Public Service Commission had established in its proceeding involving Ceredo because the Water District had not been a party to that proceeding. This appeal followed.

## II

The parties agree that Kenova is a public utility subject to the jurisdiction of the West Virginia Public Service Commission. See W. Va. Code § 24-2-1 (1992); see also State ex rel. Water Dev. Auth. v. Northern Wayne County Pub. Serv. Dist., 464 S.E.2d 777, 782-84 (W. Va. 1995). West Virginia law "confer[s] upon the public service commission . . . the authority and duty to enforce and regulate the practices, services and rates of public utilities in order to . . . [e]nsure that rates and charges for utility services are just, reasonable, applied without unjust discrimination or preference, . . . and based primarily on the costs of providing these services." W. Va. Code § 24-1-1(a).

The Public Service Commission sought to intervene in this case to exercise its authority over Kenova's rates, recognizing that any court adjudication of Kenova's contract with the Water District could materially affect the rates of Kenova's other customers. Although it did not disapprove of arbitration clauses, the Public Service Commission wished to reserve its ultimate authority over any arbitration decision. After granting Kenova's subsequent motion to implead the Public

3

Service Commission, however, the district court summarily denied the Commission's motion to intervene as moot.

To avoid the Public Service Commission's jurisdiction over this matter, Big Sandy Water District relies on section 24-2-4b(h) of the West Virginia Code, which deprives the Commission of "authority or responsibility with regard to the regulation of rates, income, services or contracts by municipally operated public utilities for services which are transmitted and sold outside of the state of West Virginia." (Emphasis added). Kenova responds that the statutory provision does not apply to its contract with the Water District. Because the water is metered in West Virginia and the Water District owns and operates the transmission pipes that extend from the meter to the Water District's customers, Kenova insists that it sells its water to the Water District in West Virginia.

Unfortunately, the district court never resolved whether the Public Service Commission's jurisdiction covers the contract dispute between Kenova and the Water District. Accordingly, we vacate the court's summary judgment and remand this case to allow the district court to consider the issue in the first instance. If the court concludes that the Public Service Commission has jurisdiction over this dispute, it should abstain and dismiss the case. See Burford v. Sun Oil Co., 319 U.S. 315 (1943).

VACATED AND REMANDED

4